Good morning. May it please the Court, I'm Daniel Kaplan. I represent the appellant Edgar Mike Alvarez, Jr. and I'm going to be watching the clock and attempting to save two or three minutes for rebuttal. Mr. Alvarez was prosecuted under the Indian Major Crimes Act, 18 U.S.C. Section 1153, and it's well established that when a prosecution is undertaken under this statute, the Indian status of the defendant is an element of the offense just like every other element, just like the act, the harm, the mens rea, et cetera. The government bears the burden of proving the Indian status element beyond a reasonable doubt in every major crimes act prosecution. And in the Bruce case, this court laid out a two pronged standard for proving the Indian status element. The first prong is to show a degree of Indian blood, quote unquote blood, or ancestry connection to a formerly sovereign people. The second prong requires evidence of tribal or governmental recognition as an Indian. There are four types of evidence which are recognized as helping to establish that second prong. Enrollment, receipt of assistance reserved only to Indians, enjoyment of benefits of tribal affiliation, and social recognition as an Indian through residence on a reservation and participation in Indian social life. Those four factors to be considered in declining order of importance. The government's attempt to prove this element against Mr. Alvarez revolved almost entirely around this document. I'm holding a copy of what is page 181 of volume two of the excerpts of record that we filed. It's titled Certificate of Indian Blood, and it bears the address and title of Colorado River Indian Tribes. Now, in this first argument, I'm challenging the sufficiency of the evidence on this element. There is a second argument that maintains that this document should not have been admitted, an evidentiary error. But I want to make clear and I want to correct something. My briefs do contain a suggestion that if the document was improperly admitted, then the – it shouldn't be considered as contributing to the sufficiency of the evidence. That is incorrect. The Supreme Court, Lockhart v. Nielsen, 488 U.S. 33, made clear in considering a sufficiency of the evidence argument, even something improperly admitted is allowed to be – it must be considered as part of the evidence that goes to sufficiency. Thank you. Go ahead. I was just thanking you for the clarification. I appreciate it. I was going to ask you then. So you're saying even if we – even if you concede that the certificate was – even if we agree that the certificate is part of the evidence that we can consider, the government did not meet its burden of showing the Indian status? Exactly. And here's why. Assuming this is properly admitted, this document, this certificate is properly admitted and evidence the jury could legitimately consider. Prong one is satisfied. I don't challenge prong one because it shows a total of three-quarters of, quote, unquote, Indian blood. That is perfectly adequate to satisfy prong one of the Bruce test. Prong two of the Bruce test, however, the only thing that we have on this certificate, the most important of the four factors for prong two is enrollment. This document indicates enrollment. It says enrollment status enrolled. However, there are only two dates on this document. One is the date of birth, not relevant. And on the top right corner, there is the date Tuesday, January 18, 2011, with no explanation. Now, there's no way a jury could conclude beyond a reasonable doubt looking at this document that Mr. Alvarez was enrolled in any tribe as of the date of the offense, which is two years before this date in the top right corner. So because it's necessary to show that the person had the status of an Indian at the time of the offense, this certificate does not, even though at first glance it might seem to. That argument made at trial when you were challenging the certificate, the admissibility of the certificate, did you make the argument that the certificate did not show he was enrolled as of the date of the offense? Trial counsel did not make that specific argument. She did make a Rule 29 motion at the close of the government's evidence, and she renewed her Rule 29 motion at the close of all the evidence. Because Jackson's a pretty low standard for sufficiency of the evidence, and I guess if that date is in proximity to the trial, I think it would be reasonable to conclude that this was printed out, a request was made for a printout of this document or for a copy of the document for use at trial, and that that doesn't indicate the date of first enrollment. And as long as a jury reasonably could conclude that, I'm not sure why that would make a difference under a Jackson standard. I think you're suggesting that Indian status is that the time frame that's important is the time of trial. Am I correct? No, I'm saying that the, I think you could conclude that the certificate was prepared in anticipation of trial, and that's hence the date, as opposed to indicating that was the first date of enrollment. And that would be a reasonable inference based on the date being, I guess, I don't know whether it was in proximity to trial or not. I think it is a reasonable inference. The question is, where was the basis for the jury to make a reasonable inference about the enrollment status of Mr. Alvarez on November 4, 2009, which was the date of the alleged offense? There was nothing in the record. Mr. Counsel, what do you do with the testimony that Mr. Alvarez's mother lived on the Willow Pine Reservation, and Mr. Alvarez is a Hualapai member of our reservation? Why doesn't this suffice to establish Mr. Alvarez's Indian status? I think that those bits of evidence are relevant, but I don't think that they suffice because it's quite similar, in my view, to the United States v. Cruz opinion, which is discussed at length in the briefs, where the Court said prong one, there was no dispute. The blood prong was established. And then in prong two, there was quite similar, probably even more evidence. In Cruz, there was evidence that the mother of the appellant was enrolled in a tribe. The appellant had descendant status, quote, unquote. The appellant lived on the reservation for several years as a child and, again, at the time of the offense was living on the reservation, and that the appellant had been prosecuted in tribal court. All of that evidence in Cruz the panel held was only sufficient to make a partial showing, not quite a full showing, but a partial showing on the fourth prong, the fourth element of prong two of the Bruce test, which is the least important part of the prong two, the least significant part. So I ---- But in that case, there was no evidence of enrollment, if I'm remembering correctly. The defendant was not enrolled himself. He had, quote, unquote, descendant status, which gave him some rights. So here, as Judge Nelson points out, there was some evidence of descendant, that he was a descendant, but we also have this enrollment certificate. Well ---- Does that differentiate it from Cruz, though? Well, it's not ---- I'm not arguing that evidence is identical, but I think it's similar in terms of how much weight it carries. The testimony was that Mr. Alvarez's mother lived on the Hualapai Reservation. The testimony of no evidence showed that she was satisfied the Bruce test was an Indian. There are lots and lots of non-Indians who live on Indian reservations. There was testimony ---- you referred to testimony. The victim stated that Mr. Alvarez was a, quote, Hualapai member of our reservation. Well, again, the enrollment certificate suggests that at the time perhaps of trial, he was enrolled in the Colorado River Tribe. There is no evidence that he was ---- That's social recognition as an Indian. If somebody recognizes you as being an Indian, that's social recognition as an Indian, isn't it? It would be some evidence of social recognition. It would be some evidence. But there was no evidence that the victim had studied up on the Bruce test, and that when she said he's a member of our reservation or he's Hualapai, that she meant that he satisfies the Router County ---- No, but that's evidence that in his own community, he's recognized as being Indian. It's some evidence. I can't see if ---- and maybe you can explain to me better about how the enrollment evidence works. But if the tribe recognizes this individual to the point where they're going to deem him to be enrolled, I don't see how that could ever not be enough for tribal recognition. Now, maybe you could explain to me how that could ever ---- Well, there was some disagreement about that in the Cruz decision. The dissenting judge stated that he thought it would never be conceivable in his mind. But that enrollment was not at issue, if I'm remembering correctly. I thought it was just descendant status. And perhaps you could come up with a hypothetical. I'm just asking for a specific hypothetical. Under what circumstances could you be enrolled but not recognized by the tribe, which is the second prong of the Bruce test? I would cite the hypothetical that the majority in Cruz states, which is imagine there's a tribe, and tribes control their own standards for enrollment. This is not something the federal government has any say over. A tribe might hypothetically say that anyone with any ancestry of that tribe, no matter how distant, great, great, great, great, you know, great to the, you know, 100th power, grandparent, is sufficient to become enrolled. And wouldn't that be recognition by the tribe then? It might not meet the blood standard, the first prong, but why wouldn't it meet the second prong? Well, under the Bruce test, there wouldn't be total deference necessarily to the tribe's determination that this person is subject to being enrolled. A tribe, I don't see any reason a tribe couldn't. I thought you just said they controlled their own enrollment. Right. But they don't control whether someone qualifies as an Indian under federal, under the first prong. Right. And we have a two-prong test under Bruce, but one of those prongs is tribal recognition, which seems to me totally in the charge of what the tribe says. Right. Since tribal recognition means it's recognized by the tribe. What I'm saying is the tribe deciding to enroll somebody would not force the hand of a federal court applying the second prong of the Bruce test. And in Bruce itself, and in Cruz, the court said enrollment status is not meant to be dispositive. So you think that a federal court could say that although a second prong is tribal recognition and the tribe has recognized this individual, we don't deem that to be sufficient for tribal recognition? I'm having trouble with that. Well, the dissenter in Cruz had trouble, too. But the majority said that Bruce made it very clear. That was descendant, though. That wasn't enrollment. It was descendant, but in discussing the significance of descendant status, the majority focused on language in the Bruce decision which says enrollment is not meant to be dispositive. And clearly they said, they meant to say not dispositive of prong two because prong one was undisputed in Cruz. Right. But I was trying, you know, it's clear from reading Bruce in context that its lack of enrollment is not dispositive. I was just trying to come up with a scenario where enrollment was dispositive at least of prong two. And I couldn't come up with one. I don't know that I'm satisfied with your suggestions either. I suppose I could stretch the hypothetical and say a tribe could decide to allow people to be enrolled. A tribe in Arizona could decide to allow people who live in Seattle and have no Indian blood of any kind anywhere in their family to be enrolled. They might have some reason to do that. And in that case, it's easy to imagine that that kind of enrollment would not be something that a federal court would give much significance in applying prong two of the Bruce test. I don't know any reason why a tribe couldn't do that. There may be one, but I'm not aware of it. Is there any reason why a tribe would do that? Well, there might be. There might be. I mean, enrollment status tends to. What would be the reason? Well, I don't know that I came up with a very plausible example right now, but enrollment status sometimes relates to, you know, issues about the benefits of money that's made in tribal industries. It may be to the advantage of a tribe to allow people to become enrolled. You know, I suppose I could spin out commercial reasons why that might be to an advantage of the tribe or other reasons why they might do that. But I can't come up with a really killer one right now. I'm sorry, Your Honor. Thanks. I reserve the balance of my time. Thank you, counsel. Thank you. We'll hear from the government. May it please the Court. My name is Heather Belt, and I represent the United States. Good morning. Good morning. Were you the trial counsel for this case? Yes, Your Honor. May I ask you? Yes. I hate to interrupt you, but I would like to ask a preliminary question. What is your strongest authority for your claim that Indian tribes are political subdivisions of the United States for purposes of Federal Rule of Evidence 902? Do any cases actually state that Indian tribes are political subdivisions of the United States? No, Your Honor. No cases specifically state that. The argument is made on the basis that there is a close fiduciary relationship between the Federal Government and the tribes. This relationship has been described in case law as a domestic dependent nation, that the tribes are under the tutelage of the Federal Government, that the government has guardianship over the tribes' affairs. In fact, there are numerous contracts made with tribes by the Federal Government for the tribe to provide federally mandated services to the tribal members. And if, for some reason, the tribe does so in an inappropriate or wrong way, then the Federal Government is responsible for the tribe's torts. And so it's – Are you familiar with the case opposing counsel cited Lockhart v. Nielsen, which – did I get that name right? Lockhart v. Nielsen. Yes. Which he says states that even if the document was improperly admitted, we can consider it for a Rule 29 review. Are you familiar with that? At this point, yes, Your Honor, I am. And so, yes. And does that make it irrelevant then whether the document was admissible under – I guess it was not – the argument was 9021 or possibly it could have been Rule 9024, but that becomes irrelevant then. Is that right? That is correct, Your Honor. And the government also has other arguments for why it is irrelevant here. And first of all, the first argument is that the defense specifically waived the claim at the time of trial. Evidentiary objections must be specific and must state the basis for the claim. And in this particular circumstance, when defense counsel was asked by the court, is there a reason why this document does not fall under the ambit of 9021, the defense counsel stated, no, Your Honor. That's not a waiver. That's not a waiver because the court went ahead to overrule the objection. The court didn't say, well, then you've waived your objection. The lack of authentication was raised and ruled upon. So how can that be a waiver? The lack of authentication through a specific witness was raised, meaning that defense counsel stated, I would object with respect to this witness. And the court asked, what is your basis for the objection? And defense counsel stated, hearsay. And he's not affiliated in any way with the Colorado River Indian tribe. The government then offered the evidence as a self-authenticating document. And when defense counsel was specifically asked if there was a particular reason why she believed that this did not fall within 9021, she stated, no, Your Honor. And so in that respect, this specific claim was waived. The claim as ---- Why would the court then say your objection is overruled if the objection is waived? The objection was overruled with regard to the fact that this was not a proper witness to authenticate the document because no witness was needed, and also that it was not hearsay. But this particular claim about whether the document was in fact self-authenticating was waived by defense counsel. But even if, even if the court believes that this claim was not waived, this specific claim was not objected to, and the court should review for plain error. And the debate in this case and the debate on the briefs about whether or not an Indian tribe is a political subdivision or falls within the ambit of 9021, at best, at best if the court doesn't agree that it's a political subdivision, the law, there's a lack of legal authority on this particular point, and the law is unclear. So if we look at the plain language of the rule, does an Indian tribe, is an Indian tribe listed? There's a list of entities that can self-authenticate. Is an Indian tribe listed there? Specifically, an Indian tribe is not listed, but it does fall within the ambit of the rule. There are other entities that are not specifically named that would still fall within the provisions of the rule, such as a city, a county, a village, a township. That's described, though. That's described in the rule as a municipal or political subdivision. That's described, but an Indian tribe is not described in any way in the rule. It is our position that it falls under the ambit of political subdivision. And if not political subdivision, if the court were to reject that argument, the court can affirm for any basis that's supported by the record. And in this case, 9021 also includes the term territory, which is an all-encompassing term, meaning that there is an entity that's under the jurisdiction of another and within the geographical, the larger geographical boundary. Indian tribes are sovereign nations. They're not territories, are they? An Indian tribe can be considered a territory. In fact, Indian tribes have been described as territories. In 18 United States Code 1151, the word territory is used in the context of describing what is, in fact, Indian country. So this would have been so much simpler if you had just called the custodian of records for the tribe to authenticate documents. Is there any reason why you didn't do that? Because it was our position that it was self-authenticating and that one was not needed. Why didn't you rely on Rule 9024, the certified copies of public records? Is that not applicable for this sort of document? It would be if we had an additional custodian that certified that this was a document that came off of the rule, of the tribal rule. However, we would still have to comply with 9021, 9022, or 9023, and so we would have still had to meet the standards set for by those rules, even if we offered it under 9024. But in any event, it is our position that it's encompassed. But if the court does not believe that it is, then our position is that it certainly isn't plain error here because of the fact that there is this dispute, there is this question. And so when there is a lack of authority, when there is a lack of law as to a specific point, how can it be plain error for the court to admit this document? The defense here cannot show plain error. The error is not plain because there is no controlling authority stating that the district court here was wrong or is wrong in admitting the document. If a district court misinterprets a statute based on the plain language of the statute, even if there is no case authority, can that constitute plain error? I'm not sure. I'm sorry. I'm not sure I understand the question. Say a statute says specifically that a district court can only sentence a person to X number of years, and the district court exceeds that. Can that be plain error even if there is no case interpreting that statute? Well, no, Your Honor. However, that is a different circumstance than is what is here because the language of 902-1. Would you answer my question? Yes. Would that be plain error? If a statute plainly says the maximum sentence allowed for this offense is 36 months, and the district court sentences the person to 60 months, would that be plain error even if there were no case interpreting that statute? That would be plain error. But it's my position that that is a different circumstance than what we have here. Your position was if there is no case authority interpreting the rule, that it cannot be plain error. And perhaps I should add to that and say, and in a circumstance such as this, where you have a list that has other entities that are going to fall underneath the terms that are listed. So in this case, in the instance that you described, the statute clearly says that 24 months is the maximum, and the person is sentenced to 36 months. In this circumstance here, you have this broad list of ---- But you would have to find that it was ambiguous, that that rule was ambiguous. If we found it was plain on its face, then you're in the hypothetical Judge Rawlinson raised. Is that correct? That's correct. Okay. Yes. If I could grab some water, I'm sorry. Go ahead. We have tricky water bottles. Unscrew it there. I think I'm going to have to forego the water. Oh, wait. Here we go. There it is. And so, but this is a broad list. It's an encompassing list. The terms should be ---- Can I move on to the other argument? Yes. So let's assume that either it was properly admitted or it was in plain error, or that it doesn't matter under this Nelson case. The opposing counsel argues, nevertheless, it doesn't satisfy this, or potentially doesn't satisfy the second prong of the Bruce test. It's not sufficient. Yes, Your Honor, and it's our position that it is sufficient. Even under the Bruce factors, the most important factor is tribal enrollment, and that is what we have here. The defendant is a member of the Colorado River Indian Tribe, and the Certificate of Indian Blood documents that. That is the best evidence possible to show. So he suggests it doesn't show that he was enrolled at the time of the offense. The date on it is some later date. Does that make a difference in the way that, as to what the jury could determine from this document? No, Your Honor, because it is reasonable to conclude that that printout was prepared in preparation for trial. In fact, the date on the document is shortly in advance of trial. Also, this was never argued. I mean, this issue wasn't really contested at the trial court level. Even in the Rule 29 motion, a very general motion for Rule 29 was raised. However, the defense counsel did not specifically state that she was challenging the Certificate of Indian Blood or that she was challenging Indian status, nor was the date on the document ever raised at the trial level. And then the other argument, if I understand it correctly, is that there's language in Bruce and Cruz and some other cases saying that tribal enrollment is not dispositive of the second prong. And so even though there's a tribal enrollment certificate, that may not be enough. What's your response to that? When you read Bruce and those other cases in context, it shows that the court is stating that when there's an absence of tribal enrollment, that that is not dispositive of the issue. When there's an absence of tribal enrollment, the court can look to the other factors and still find that this individual is an Indian. No case states that tribal enrollment alone is not dispositive of the issue or not enough. No case states that one or more factors of the Bruce test need to be satisfied. And, in fact, tribal enrollment is the best evidence that there is tribal or government recognition of the person as an Indian. But why would you have the others listed if they're meaningless? Well, they're not meaningless in every case. I mean, in certain cases, you would need to look at the other factors. For example, when there is not a document showing that the person is enrolled with a tribe. Right. But those are listed also with tribal enrollment. So you're saying if there's tribal enrollment, you don't look at any of the other factors? Is that your argument? My argument is that you don't need to. But in this particular case, we actually did have evidence of other factors as well. Right. We had evidence of his social recognition as an Indian. When the victim testified that she was an Indian, she was a member of the Hualapai Reservation, and she recognized the defendant to be a member of the Hualapai Tribe and a member of a reservation. And we also had evidence that his mother resided on this particular reservation, the Hualapai Reservation. So in this case, it's not necessary to say that it's our position that tribal enrollment alone suffices, because that's not exactly the facts that we have presented here. Here we did have evidence of another factor as well. So in this case, there was uncontested proof that the defendant possessed a sufficient quantum of Indian blood. We also had the certificate of Indian blood that documented his tribal enrollment, his enrollment as a member of the Colorado River Indian Tribe. It wasn't exactly uncontested. I mean, the defense did object to the admissibility of the certificate of enrollment. So it wasn't uncontested. I meant that in terms of the quantum of Indian blood. I believe the defense counsel stated here today that it wasn't disputing that there was a sufficient quantum of Indian blood. That was my point in stating that it was uncontested. And so we have the certificate of Indian blood showing that he is an enrolled member of the Colorado River Indian Tribe. Social recognition as an Indian showing that the victim was socializing with the defendant on the reservation. His mother lived on the reservation. The victim identified him as an Indian in this particular case. And although there is this language in the cases stating that tribal enrollment is not dispositive, when you read the statement in the context of the case, it shows that there is no proof of tribal. When there is no proof of tribal enrollment, the defendant can still be found to be an Indian. Counsel, may I ask you, would it matter if the enrollment showed membership in one tribe and the evidence of social recognition was for a different tribe? Would that matter? No, Your Honor. And also, the wallopi, in looking at the certificate of Indian blood, the defendant actually does have wallopi blood as well. He's not enrolled in the wallopi tribe. He's enrolled in the Colorado River Indian Tribe. But it does show that he has a certain quantum of wallopi blood in him. Defense counsel also cited Cruz for the proposition that more than tribal enrollment is required, but that's dicta. It formed no basis for the holding in the case, and the court specifically stated that it was not making a finding on that basis. All right. Thank you, counsel. Any additional questions? Thank you, counsel. Thank you. Thank you. Well, maybe I've got a hypothetical here. There's a politician in Massachusetts who, when she was teaching at a law school, listed under diversity that she was Native American. And she's getting in trouble for that now, I understand, from the news. And I think if a tribe were to sell enrollment certificates for 20 bucks, she might buy one. That's the best I can come up with on short notice. Let me add a couple of factors. Now, the argument is pressed here that somehow it wasn't preserved that Indian status was not proved. That is incorrect. There was a Rule 29 motion. The court stated in Cruz, nothing needs to be done to elaborate a Rule 29 motion. You don't even have to give any reasons. You just say, I am making a motion under Rule 29. It is understood. That is a claim that the government has not proved beyond a reasonable doubt all of the elements of the crime, period. This is an element of the crime. Counsel, so I understand you're not, you're not objecting to the admissibility of the certificate at this point. In argument one, sufficiency, correct. So you're qualifying that. I'm a little unclear as to whether or not, in your view, we should still make a ruling as to whether or not the certificate was properly authenticated. Only in the highly unlikely event that you don't grant reverse, reversal, and remand for judgment of acquittal on ground one, which is sufficiency of the evidence, which would bar re-prosecution. If you don't agree with my position on ground one, then you need to proceed to ground two and ask yourself whether this certificate was properly admitted over objection. And the answer, of course, is no, it was not proper because the plain language of the rule did not authorize it. Okay. So walk me through that analysis. If we say there was sufficient evidence of Indian blood, considering the certificate that you say we can consider even if it weren't properly admitted, and we disagree with you on that point, and then we get to your second point, which is that the certificate wasn't properly authenticated, what's the effect of that ruling? Well, then you ask, first you decide whether it was error to admit the certificate. Let's say you conclude that it was error to admit the certificate. And then the question is, does that necessitate a new trial? Does it qualify, since there was an objection that was preserved, the question is, was it harmless error? And the answer is clearly not, because this was perhaps not 100 percent of the government's case on this element of the offense, but at least 93 and a half percent of the government's case. This is the only thing that Ms. Belt referred to in her closing argument as establishing that element. That doesn't mean there weren't some other shreds of evidence on the fourth and least important part of prong two of the Bruce test, but this was almost. What is your response to opposing counsel's observation that the rule, there is no precedent interpreting this rule in such a way to exclude Indian tribes and that it's so broad that tribes are subsumed within that list of entities that fall under it? My response is that the language of the rule is extremely clear and plain, and that it's clear or obvious is in the United States v. Bayer, this Court said whether an error is plain, prong of the plain error test, the question is, is it clear or obvious? Well, it's clear or obvious reading Rule 9021 that it does not include Indian tribes. It lists very specifically, as you pointed out, Judge Rawlinson, what governmental entities are covered. Indian tribes certainly are not political subdivisions of the United States. They're domestic dependent sovereigns. They have treaty relationships with the United States. I've never heard before the proposition that a government entity can have a treaty with its own political subdivisions. It's highly unusual, and it's certainly not a territory. So because the language was very clear and plain, the error is plain as well. Of course, you wouldn't be applying plain error test because the objection was preserved. The objection was preserved, made, and overruled. So the only question is, would you even reach harmless error? Harmless error normally you don't reach when the government doesn't argue it, which they haven't here. But if you do decide to reach that, then the question is, how can you call this harmless, the admission of this certificate, when it was virtually the entire case on an element of the offense? There is a case, and I can't find it in my notes here, that admitted this sort of certificate under, I think it was 9024. And the government says, no, that wouldn't have been enough. Can you walk me through that, why that wouldn't have worked? I think you might be referring to the Torres case from the Seventh Circuit. Yes, that's right. It was out of circuit, I remember that. In Torres, the government did what it failed to do here. If you look at page, this is footnote 5, and it's page 455, footnote 5. The Court describes what was done to get the certificate in, and they say, the certificates of enrollment, comma, prepared by the Menominee Enrollment Clerk and certified by her at trial to be accurate representations of the information contained in the original tribal roll were admissible. So they had a witness who came in, who knew that certificate, who prepared that certificate, who knew what it meant, who testified at trial. And that's what they failed to do here. That's what they failed to do here. So in the Torres case, the document came under 9024A rather than 9024B, is that correct? It came in under 9024, and I would A or B? Oh, it doesn't specify, I'm sorry. But I would note one other thing about the Torres case. In Torres, the only objection that was discussed, and apparently the only objection made, was hearsay. In this case, the trial counsel made two objections. She said it's hearsay and this witness doesn't know anything about it, which is an authentication objection. And all the discussion that followed was about the authentication part of her objection. There's no evidence that there was even an issue of authentication in this Torres trial, although I submit that if there had been, it would be satisfied because they had a knowledgeable witness, which they didn't have here. Are there other questions? Thank you. Thank you. Thank you to both counsel. The case just argued is submitted for decision by the Court. The final case on calendar, Swaver v. Shane, was submitted on the briefs. That concludes our calendar for the morning. We are in recess until 930. Is it 930? 930. 930 a.m. tomorrow morning. All rise.
judges: Nelson, Rawlinson, Ikuta